IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-133 |
| | ) | |
| TIMOTHY C. WARD; | ) | |
| BRIAN CHAMBERS; and | ) | |
| ANTOINE CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE AMENDED COMPLAINT**

A.    **BACKGROUND**

Plaintiff originally named three Defendants:  (1) Timothy C. Ward, Commissioner, Georgia Department of Corrections; (2) Brian Chambers, JSP Warden; and (3) Antoine Caldwell, Former JSP Warden.  (See doc. no. 1, pp. 1, 4.)  In his amended complaint, Plaintiff names only Antoine Caldwell, (doc. no. 16), and Plaintiff specifically requests

Defendants Chambers and Ward be dismissed.  (<u>See</u> doc. no. 15.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Caldwell was the Warden at JSP when, on September 15, 2021, a tactical squad searched Plaintiff's cell and confiscated Plaintiff's Wahl hair clipper set that Defendant Caldwell and other correctional officers at JSP knew Plaintiff possessed because he cut hair for inmates in the mental health dormitories.  (Doc. no. 16, pp. 5, 13.)  Plaintiff's clippers were confiscated as continued retaliation, following a "drop" in his mental health level and frequent changes to his housing assignment.  (<u>Id.</u> at 5.)  Plaintiff filed a grievance about the clippers having been taken, and Defendant Caldwell granted the grievance and said Plaintiff would be reimbursed for the clippers.  (<u>Id.</u> at 7-8, 13.)  Plaintiff has not received monetary reimbursement or a new set of hair clippers.  (<u>Id.</u> at 15.)  He seeks replacement of his hair clippers valued at $150, as well as $300,000 in punitive damages, and a declaration that his constitutional rights have been violated.  (<u>Id.</u> at 5, 14.)

## B.   DISCUSSION

### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (<i>per curiam</i>) (citing <u>Mitchell v. Farcass</u>, 112

F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

     **2.**     **Plaintiff No Longer Brings Any Claim Against Defendants Ward or Chambers**

As the Court previously explained, (doc. no. 13, p. 2), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Plaintiff originally named Timothy C. Ward and Brian Chambers as Defendants.  (See doc. no. 1.)  However, Plaintiff's amended complaint no longer names these two individuals as Defendants, and Plaintiff specifically requests to dismiss these two Defendants from the case.  (See doc. nos. 15, 16.)  As Plaintiff does not mention these two individuals anywhere in the statement of claim in the amended complaint and does not make any allegations associating either Defendant with a purported constitutional violation, dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, the motion to dismiss Defendants Chambers and Ward should be granted, (doc. no. 15), and these two individuals should be dismissed.

     **3.**     **Plaintiff Fails to State a Claim for Loss of Personal Property**

Plaintiff's claim regarding loss of his hair clippers fails to state a federal claim for relief.  The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law."  Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Georgia has created a civil cause of action for the wrongful deprivation of personal

property.  O.C.G.A. § 51-10-1.  This statutory provision covers the unauthorized deprivation

of an inmate's property by prison officials.  <u>Grant v. Newsome</u>, 411 S.E.2d 796, 799 (Ga. Ct.

App. 1991).  The statutory cause of action constitutes an adequate post-deprivation remedy

under <u>Parratt</u>.  <u>See</u> <u>Byrd v. Stewart</u>, 811 F.2d 554, 555 n.1 (11th Cir. 1987).  Thus, Plaintiff

has an adequate remedy at State law, and he fails to state a valid § 1983 claim against

Defendant Caldwell for the loss of personal property.[1]

### 4. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

To the extent Plaintiff is attempting to sue Defendant Caldwell in his official capacity,

the Eleventh Amendment bars official capacity claims against state prison officials for

money damages.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, any

official capacity claims against Defendant Caldwell for monetary relief fail as a matter of law

and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**

Plaintiff's motion to dismiss Defendants Chambers and Ward be **GRANTED**, (doc. no. 15),

---

[1]For the sake of completeness, the Court notes Plaintiff states his clippers were confiscated as continued retaliation, following a "drop" in his mental health level and frequent changes to his housing assignment.  (Doc. no. 16, p. 5.)  However, Plaintiff does not explain the precipitating event for this alleged retaliation such that the Court could determine actions were taken against him to deter his exercise of a constitutionally protected right(s).  <u>See</u> <u>Moton v. Cowart</u>, 631 F.3d 1337, 1341-42 (11th Cir. 2011) (explaining elements of retaliation claim, including identification of constitutionally protected speech or act and causal connection between retaliation and adverse effect on protected speech or act.); <u>see also</u> <u>DeWitt v. Maddox</u>, No. 4:21cv311-WS-MAF, 2022 WL 17254338, at *4 (N.D. Fla. Oct. 18, 2022) (collecting cases applying requirement to identify protected act, retaliatory conduct alleged to adversely affect the protected activity, and causal connection between the two), *adopted by* 2022 WL 17255757 (N.D. Fla. Nov. 28, 2022).  Despite employing the terminology "retaliation," Plaintiff provides no factual detail in support of any such claim.

Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA