IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

WILLIAM DAVID SMITH,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        CV 322-133
                                    )
TIMOTHY C. WARD;                    )
BRIAN CHAMBERS; and                 )
ANTOINE CALDWELL,                   )
                                    )
            Defendants.             )
                            _____

**O R D E R**
                            _____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 20.) The Magistrate Judge recommended dismissing the case because Plaintiff failed to state a claim upon which relief can be granted based on his allegations that Defendant Caldwell improperly seized Plaintiff's hair clippers. (See doc. no. 18.) Plaintiff objects that although he is in prison, his personal property is protected from unlawful seizure, and therefore Defendant Caldwell should be held liable for Plaintiff's loss. (See doc. no. 20.) The objections do not change the analysis that this case is due to be dismissed from federal court.

As the Magistrate Judge explained, Georgia has created a civil cause of action for the wrongful deprivation of personal property, and because Plaintiff has this adequate remedy at State law, he fails to state a valid claim in federal court under 42 U.S.C. § 1983. (Doc. no. 18, pp. 4-5.) Nothing in the recommendation for dismissal makes any determination on the

potential liability for Plaintiff's loss of personal property. Rather, the recommendation for dismissal is based on the determination that there is no valid *federal* claim.

To the extent Plaintiff may be attempting to argue the search of his cell leading to the confiscation of property is itself a Fourth Amendment violation, the United States Supreme Court has ruled a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984). The same rationale applies if Plaintiff's argument is that the loss of his hair clippers was an unreasonable seizure under the Fourth Amendment. Id. at 528 n.8. That is to say, a prisoner's property cannot "be destroyed with impunity," id., but the available remedy exists at the state, rather than federal, level.

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **GRANTS** Plaintiff's motion to dismiss Defendants Chambers and Ward, (doc. no. 15), **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 31st day of _March_, 2023, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE